IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KULWANT SINGH,** | : | CIVIL NO. 3:CV-05-1096 |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ALBERTO GONZALEZ, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Kulwant Singh ("Singh"), a detainee of the Bureau of Immigration and Customs Enforcement ("BICE") at the York County Prison, York, Pennsylvania, filed the instant petition pursuant to 28 U.S.C. § 2241 on May 31, 2005. (Doc. 1). Singh seeks to be released from the custody of BICE arguing that he is being unlawfully detained. The petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

I. Background.

Singh is a native and citizen of India. Singh concedes that he illegally entered the United States on August 24, 1994, at or near Brownsville, Texas. His illegal presence in the United States came to the attention of immigration authorities when Singh filed a petition for asylum. Singh was charged with deportability under 8 U.S.C. § 1251(a)(1)(B). During the course of deportation proceedings, Singh admitted his illegal presence and conceded to his deportability. However, he declined to designate a country for deportation. He re-applied for asylum under 8 U.S.C. §1158 and for Withholding of his deportation under 8 U.S.C. §1253(b)(1).

Following a hearing, the immigration judge denied both forms of relief, but granted Singh voluntary departure under 8 U.S.C. § 1254(c). As Singh did not appeal, his order of deportation

became final on April 17, 1997. However, on December 3, 2004, he submitted a motion to reopen seeking relief under the Convention Against Torture Act. The motion to reopen was denied. Singh's appeal was then denied on May 12, 2005. He has sought review of the decision to deny his motion to reopen before the Second Circuit Court of Appeals. As far as the court is aware, the petition for review is still pending.

Singh has been detained since November 2004. On April 22, 2005, his custody status was reviewed as follows:

> Your file indicates that you failed to depart when afforded a voluntary departure from the United States. It also indicates that you became a fugitive to avoid being deported. Due to these facts, the Immigration and Customs Enforcement considers you a flight risk if released. ICE believes the Indian Embassy is working on issuing a travel document on your behalf.

(Doc. 1-2, p. 1). It is further stated that "[i]f you have not been released or removed from the United States by May 26, 2005, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU). . . . HQPDU will make a final determination regarding your custody." (*Id.*). Singh filed the instant petition seeking release from custody.

II. Discussion.

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

2

> The removal period begins to run on the latest of then following:
>
> (I) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

The issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation has been resolved by the Supreme Court in *Zadvydas*, 533 U.S. 678 (2001). Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." *Id.* at 701. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the

conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. The Court stated that not every alien must be released after six (6) months. An alien may be detained beyond the six (6) month period "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Following the Supreme Court's decision in *Zadvydas*, regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). Singh was granted file custody review on or about April 22, 2005, and was denied release. (Doc. 1-2, p. 1).

When release is denied pending removal, as was the case with Singh, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Since responsibility for custody determinations was transferred to HQPDU on May 26, 2005, the procedures set forth at 8 C.F.R. §241.13 would now govern. Section 241.13 establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 beyond the expiration of the removal period, and the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he was ordered removed in the reasonably

4

foreseeable future. 8 C.F.R. § 241.13(a). Inasmuch as Singh has challenged his continued detention by filing a petition for a writ of habeas corpus under §2241, Respondent is instructed to treat the petition as a request for release under 8 C.F.R. §241.13. BICE shall respond to the request within thirty (30) days. Having referred the matter to the government for disposition under existing review procedures, the petition for writ of habeas corpus will be dismissed without prejudice.

AND NOW, to wit, this 21st day of July 2005, **IT IS HEREBY ORDERED** that:

1. Respondent is directed to treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. BICE shall respond to Singh's request within thirty (30) days;

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice;

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court